IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GARY JOSEPH HARDEGGER,

           Petitioner,

        v.

BRIAN BELLEQUE,

           Respondent.

Civil No. 09-242-ST

FINDINGS   AND   RECOMMENDATION

        Corrine J. Lai
        Attorney at Law
        5895 Jean Road
        Lake Oswego, OR 97035-5303

           Attorney for Petitioner

        John R. Kroger
        Attorney General
        Summer R. Gleason
        Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, Oregon 97310

           Attorneys for Respondent

   1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying conviction for Aggravated Murder.  For the reasons that follow, the Petition for Writ of Habeas Corpus (docket #2) should be denied.

<u>**BACKGROUND**</u>

Petitioner and his wife, the victim in this case, were in the process of a divorce when petitioner decided to kill her.  He enlisted the help of their 17-year-old son, Brian, to carry out his plan.

On September 20, 2001, as soon as Mrs. Hardegger entered her garage after work, petitioner and Brian attacked her, using mace and a stun gun.  They tied Mrs. Hardegger up on a blue tarp, took her to a place where they had already dug a grave, and buried her alive.  The following evening, petitioner called the Lane County Sheriff's Office to confess to his crime.  He took authorities to the place where he buried his wife, and her body was exhumed. Respondent's Exhibit 104, pp. 6-8.

The Lane County Grand Jury indicted petitioner for Aggravated Murder and Kidnapping in the First Degree.  Respondent's Exhibit 102.  Michael Ford was appointed to represent petitioner in his criminal matter, and petitioner hired Hamilton W. Budge, Jr., a business attorney in Ford's firm, to assist petitioner with his financial affairs while he was incarcerated pending trial.  In

March of 2002, petitioner's sister hired another attorney to replace Budge, and petitioner continued to work with Ford in the criminal matter. Respondent's Exhibit 157.

Petitioner ultimately offered to plead guilty to Aggravated Murder with a sentence of 30 years imprisonment, an offer which the State accepted. Respondent's Exhibit 188, p. 1. In return, the prosecution agreed to dismiss the Kidnapping charge and join the defense in recommending a life sentence with the possibility of parole after 30 years. Respondent's Exhibit 170. The trial court sentenced petitioner in accordance with the parties' joint recommendation. Respondent's Exhibit 101.

Petitioner did not take a direct appeal, but he did file for post-conviction relief ("PCR") in Marion County which was denied following an evidentiary hearing. Respondent's Exhibit 195. The Oregon Court of Appeals affirmed the PCR trial court without issuing a written opinion, and the Oregon Supreme Court denied review. Respondent's Exhibit 200, ER-1; Respondent's Exhibit 201.

Petitioner filed his Petition for Writ of Habeas Corpus on February 27, 2009. In his supporting memorandum, petitioner pursues the following grounds for relief:

    1.   Trial counsel was constitutionally ineffective when he failed to:

        (a) engage in adequate communications with him;

        (b) avoid a conflict of interest;

3 - FINDINGS AND RECOMMENDATION

(f)   zealously represent him; and

(h)   perform adequately under the totality of
      the circumstances.

2.   The conduct described in the various sub-parts of
     Ground One also constitute a federal due process
     violation; and

3.   Petitioner was not "informed of the nature and
     cause of the accusation" against him as required by
     the Sixth and Fourteenth Amendments to the U.S.
     Constitution.

Respondent asks the court to deny relief on the Petition

because: (1) Grounds 1(f) and 1(h) were not fairly presented to

Oregon's state courts and are now procedurally defaulted; and

(2) the PCR trial court's decision denying him relief on the claims

he did properly preserve is entitled to deference.[1]

## FINDINGS

### I.   Motion to Expand

As an initial matter, petitioner has filed a Motion to Expand

the record in this case pursuant to Rule 7 of the Rules Governing

Section 2254 Cases.  Specifically, petitioner wishes to include

Petitioner's Exhibit 1, a complaint which he filed with the Oregon

State Bar against Budge.  He seeks to introduce this evidence to

show that he had a "falling out" with Budge which, in turn,

indicates a conflict of interest with Ford because Budge and Ford

were members of the same law firm.

---

[1] Petitioner concedes that Grounds 1(b), 1(c), 1(d), and 1(g) of his Petition are
procedurally defaulted and, therefore, are not eligible for review on their merits.

4 - FINDINGS AND RECOMMENDATION

Generally, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004).  Where, as here, a prisoner wishes to introduce new evidence in the absence of an evidentiary hearing, the evidentiary hearing requirements of 28 U.S.C. § 2254(e)(2) nevertheless apply.  *Holland,* 542 U.S. at 653; *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241-42 (9th Cir. 2005). Accordingly**,** if petitioner has failed to develop his claim in the state courts, he may only supplement the record if his claim relies on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence.  28 U.S.C. § 2254(e)(2)(A)(i) and (ii).  He must also demonstrate that the facts underlying the claim are sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the underlying offense.  28 U.S.C. § 2254(e)(2)(B).

The claim which petitioner seeks to bolster with this new evidence is his ineffective assistance of counsel claim predicated on Ford's alleged conflict of interest with him (Ground 1(a)). Even assuming the bar complaint and its contents could not have been previously discovered through the exercise of due diligence, petitioner cannot show that any conflict of interest with Ford

5 - FINDINGS AND RECOMMENDATION

establishes by clear and convincing evidence that he did not murder his wife.  Accordingly, expansion of the record is not appropriate in this case.

## II.  **Exhaustion and Procedural Default**

According to respondent, petitioner's claims of ineffective assistance of counsel pertaining to counsel's alleged failure to zealously advocate (Ground 1(f)) and perform under the totality of the circumstances (Ground 1 (h)) were not raised during petitioner's PCR appeal, thus leaving them procedurally defaulted.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).  "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'"  *Casey v. Moore,* 386 F.3d 896, 915-16 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).  If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are

6 - FINDINGS AND RECOMMENDATION

therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence.  *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Respondent concedes that petitioner raised Grounds 1(f) and 1(h) in his PCR Petition, but asserts that the claims were not pursued in the Oregon Court of Appeals.  A review of the record reveals that petitioner was very specific in the "Preservation of Error" section of his Appellant's Brief where he was required to identify exactly how he had preserved the claims he intended to argue in his appeal.  Citing the record from his PCR trial, he claimed that he suffered from the ineffective assistance of trial counsel "because he did not have sufficient contact with his attorney in order to understand the nature of the charges against him or the applicable facts and law in his case."  Respondent's

Exhibit 198, p. 3.   He also alleged that "his attorney had a conflict of interest at the time he entered his guilty plea." *Id.* These were the precise claims that petitioner pursued in the Argument section of his Appellant's Brief, claims which correspond only to Grounds 1(a) and 1(e) of his Petition for Writ of Habeas Corpus. *Id* at 6-9.   Nowhere in the Appellant's Brief did petitioner allege that counsel failed to zealously represent him or that he failed under the totality of circumstances.

Although petitioner argues that Grounds 1(f) and 1(h) are implied issues sufficient to fairly present them to the Oregon Court of Appeals, "petitioners must plead their claims with considerable specificity before the state courts in order to satisfy the exhaustion requirement." *Rose v. Palmateer*, 395 F.3d 1108, 1111 (9th Cir. 2005).   This reasoning fully applies to ineffective assistance of counsel claims because such claims are considered discrete and must be specifically raised in order to avoid procedural default. *Carriger v. Stewart*, 971 F.2d 329, 333-34 (9th Cir. 1992), *cert. denied*, 507 U.S. 992 (1993).   Indeed, petitioner does not explain why he felt the need to pursue Grounds 1(f) and 1(h) independently in his PCR Petition if, as he argues, they are implied and inseparable from the ineffective assistance of counsel claims that he argues here.

It is clear from the record that petitioner failed to fairly present Grounds 1(f) and 1(h) to Oregon's state courts.   Because

8 - FINDINGS AND RECOMMENDATION

petitioner may no longer pursue these claims in the Oregon Court of Appeals, they are procedurally defaulted.  Petitioner does not argue cause and prejudice, nor does he make a colorable showing of actual innocence sufficient to excuse his default.

**III.** **The Merits**

    **A.**  **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  Under the "unreasonable application" clause, a federal habeas court

may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

**B.    Analysis**

**1.    Ground 1(a): Conflict of Interest**

According to petitioner, Ford's performance suffered due to a conflict of interest resulting in the breakdown in the attorney-client relationship. Petitioner alleges that he was displeased with Budge's work on his personal matters, resulting in Budge's termination. This, in turn, soured his relationship with Ford who, as mentioned above, was a member of the same law firm as Budge. As a result, petitioner claims that Ford stopped seeing him for a five-month period between March 8 and August 8, 2002, and only paid him two short visits just prior to his trial.

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his counsel's performance fell below an

objective standard of reasonableness.  *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).  Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced his defense.  The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial.  *Id* at 696.  When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

In this case, the PCR trial court specifically determined that petitioner "failed to prove that his trial counsel had a conflict of interest, or that there was a break-down of the attorney-client relationship.  Petitioner failed to prove that counsel was biased against petitioner."  Respondent's Exhibit 195, p. 2.  Not only does petitioner fail to overcome these factual findings by clear and convincing evidence as required by § 2254(e)(1), but those findings are supported by the record in this case.

11 - FINDINGS AND RECOMMENDATION

The record shows that Ford met with petitioner 29 times during the year petitioner was in jail. Respondent's Exhibit 192. Ford's private investigator met with petitioner "at least 25 times" and Ford instructed him "to check frequently with petitioner and tell him that if he, Mr. Ford, had new or important information, he would visit." Respondent's Exhibit 189, p. 1. While Ford did not meet with petitioner between March 9 and August 7, 2002, he did meet with petitioner seven times between March 8 and September 11, 2002, when petitioner entered his guilty plea. *Id* at 6-8. This evidence does not support any inference of the conflict of interest alleged by petitioner.

Petitioner also points to his termination of Budge as his civil attorney as sufficient evidence to prove his claim. Specifically, he states that this removal implies that there was a "falling out" with Budge which, in turn, soured Ford against him.

During petitioner's PCR action, Budge testified by affidavit that he had taken on petitioner's personal affairs as a favor to Ford and that "neither Mr. Ford nor I were upset [losing the work]." Respondent's Exhibit 190, p. 2. As to the allegation that a conflict of interest existed, Budge was "frankly, stumped" and unable to see any basis for this allegation.[2] *Id.*

---

[2] On May 20, 2003, Ford died as the result of a heart attack. Respondent's Exhibit 183. Consequently, the record contains no affidavit from Ford responding to petitioner's allegations.

12 - FINDINGS AND RECOMMENDATION

No evidence in the record supports petitioner's assertion that Ford held a grudge against him due to the loss of the civil work originally allocated to Budge. Thus, he is unable to show that there was a conflict of interest. Accordingly, the PCR trial court's decision denying relief on this claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

## 2.    Ground 1(b): Failure to Communicate

Petitioner next argues that counsel failed to effectively communicate with him such that his plea was not knowingly or voluntarily entered. He relies on his PCR trial testimony that Ford did not: (1) explain the meaning of aggravated murder; (2) provide him with written material outlining trial strategies and potential defenses; (3) inform him that the State did not intend to seek the death penalty; and (4) explain the workings of a life sentence with the possibility of parole after 30 years. Respondent's Exhibit 193.

Despite this testimony, the PCR trial court determined that petitioner "failed to prove that his trial counsel failed to communicate with him, or that he was unaware of the legal and factual issues surrounding his case." Respondent's Exhibit 195, p. 2. In this way, the PCR trial court made a credibility determination to petitioner's detriment, and petitioner has not offered clear and convincing evidence sufficient to overcome this

13 - FINDINGS AND RECOMMENDATION

determination.    Indeed, a review of the record provides no independent basis to support petitioner's PCR trial testimony, and based on the more than 50 visits from Ford and his investigator, it can be inferred that there was no failure to communicate in this case.  As a result, the PCR trial court's decision denying relief on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

### 3.    **Ground Two: Due Process**

Petitioner alleges that the conduct he describes above also constitutes a violation of his right to due process.  However, for the reasons identified above, petitioner's due process claim lacks merit.

### 4.    **Ground Three: Due Process: Nature of the Accusation**

Petitioner also maintains that he did not enter a voluntary and knowing guilty plea in this case because he was not advised of the nature and cause of accusation against him.  He again relies on his arguments raised in support of his ineffective assistance of counsel claims to show that he was not properly informed of the charges against him.

Due process requires that a defendant's guilty plea be voluntary and intelligent.  *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).  A guilty plea is voluntary if it is given by a defendant who is fully aware of the direct consequences of his plea.  *Mabry v. Johnson*, 467 U.S. 504, 509 (1984); *Brady v. United States*, 397

U.S. 742, 755 (1970). Petitioner must present sufficient evidence to defeat the "formidable" presumption of verity accorded to plea proceedings. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

The PCR trial court made factual findings that petitioner failed to prove that he did not understand his legal options and also failed to prove that he was unaware of the legal and factual issues surrounding his case. Respondent's Exhibit 195, pp. 2-3. Not only does petitioner fail to overcome these factual findings by clear and convincing evidence, but the Plea Petition and petitioner's colloquy with the court support these factual findings. Respondent's Exhibits 170; Respondent's Exhibit 104, pp. 2-6. For these reasons, as well as those identified above concerning the ineffective assistance of counsel claims, the PCR trial court's decision denying relief on this claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

## RECOMMENDATION

Petitioner's Motion to Expand the Record (docket #35) and the Petition for Writ of Habeas Corpus (docket #2) should be DENIED. The court also should enter a judgment dismissing this case with prejudice. Finally, the court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

15 - FINDINGS AND RECOMMENDATION

**<u>SCHEDULING ORDER</u>**

The Findings and Recommendation will be referred to a district judge.   Objections,  if  any,  are  due  July  29,  2010.    If  no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is  due  or  filed,  whichever  date  is  earlier,  the  Findings  and Recommendation will go under advisement.

DATED this <u>12th</u> day of July, 2010.

<u>s/   Janice M. Stewart        </u>
Janice M. Stewart
United States Magistrate Judge

16 - FINDINGS AND RECOMMENDATION