UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GARY JOSEPH HARDEGGER,

       Petitioner,                          Civil No. 09-242-ST

      v.                                  ORDER

BRIAN BELLEQUE,

       Respondent.

HAGGERTY, District Judge:

Magistrate Judge Stewart issued a Findings and Recommendation [42] in this action recommending that Petitioner's Petition for Writ of Habeas Corpus [2] and Motion to Expand the Record [35] should be denied, and that Judgment should be entered dismissing this case with prejudice. Petitioner has filed objections.

When a party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

ORDER -- 1

The court has carefully evaluated the Magistrate Judge's Findings and Recommendations, petitioner's objections, and the record of the case. The Findings and Recommendation is well-reasoned, without error, and adopted with one modification addressing a typographical error.

## DISCUSSION

The Magistrate Judge thoroughly reviewed that facts presented in this matter, and the Findings and Recommendation's background facts are adopted after one modification, addressed below. Although petitioner's Objections referred briefly to all of his prior arguments, petitioner specified one argument regarding record expansion for which some analysis is warranted.

The Magistrate Judge recommended denying petitioner's motion to expand the record to include a copy of the formal complaint petitioner filed with the Oregon State Bar against an attorney whom petitioner had hired to assist with financial affairs. This attorney was employed at the same law firm that provided petitioner's trial counsel. Petitioner sought to add a copy of his formal complaint to the bar in support of his argument that a conflict of interest existed between petitioner and trial counsel.

The Findings and Recommendation referred to the correct standards for determining when a petitioner may supplement the federal court record after failing to do so in state court:

> if petitioner has failed to develop his claim in the state courts, he may only supplement the record if his claim relies on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(I) and (ii). He must also demonstrate that the facts underlying the claim are sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(B).

Findings and Recommendation at 5.

The Magistrate Judge concluded properly that even if petitioner could overcome the preclusion against expanding the record to include material that could have been discovered

ORDER -- 2

previously through the exercise of due diligence, he failed to demonstrate that the facts underlying his claim are sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty. Findings and Recommendation at 5-6.

Petitioner objects, arguing that respondent has unfairly diminished the extent and severity of the "emotional relationship" between petitioner and trial counsel, and that petitioner should be given the opportunity to rebut respondent's alleged mis-characterizations of that relationship with the bar complaint. Objections at 2. This objection is overruled.

Notwithstanding petitioner's views of how respondent describes the issues presented, the burden to show that record expansion is warranted remains with petitioner. Because petitioner fails to meet any of the prerequisites for supplementing the record – there is no new constitutional rule at issue, no factual predicate that could not have been discovered previously, and no clearly established evidence of his innocence – his motion to expand the record must be denied.

Petitioner also challenges the Magistrate Judge's conclusion that his ineffective assistance of counsel claims specifically regarding trial counsel's lack of zealous advocacy and his alleged insufficient performance are defaulted. The Findings and Recommendation addressed petitioner's failure to specify these allegations in his Appellant's Brief:

> Nowhere in the Appellant's Brief did petitioner allege that counsel failed to zealously represent him or that he failed under the totality of circumstances. Although petitioner argues that [these claims] are implied issues sufficient to fairly present them to the Oregon Court of Appeals, "petitioners must plead their claims with considerable specificity before the state courts in order to satisfy the exhaustion requirement." *Rose v. Palmateer*, 395 F.3d 1108, 1111 (9th Cir. 2005). This reasoning fully applies to ineffective assistance of counsel claims because such claims are considered discrete and must be specifically raised in order to avoid procedural default. *Carriger v. Stewart*, 971 F.2d 329, 333-34 (9th Cir. 1992), *cert. denied*, 507 U.S. 992 (1993). Indeed, petitioner does not explain why he felt the need to pursue [these claims] independently in his PCR Petition if, as he argues, they are implied and inseparable from the ineffective assistance of counsel claims that he argues here.

ORDER -- 3

Findings and Recommendation at 8.

This reasoning is sound. Petitioner's argument that his omission of these specific claims in his appellate brief should be excused because the claims should be implied under the "totality of the circumstances" is overruled. Objections at 3.

Moreover, petitioner's assertions that "[t]here was no credibility determination to be made" regarding petitioner's allegations about his conversations with trial counsel because those allegations are "uncontroverted" are unpersuasive. Objections at 3. Petitioner's arguments were evaluated properly, including thorough consideration of petitioner's allegations, the number of visits counsel made to see petitioner[1] as well as counsel's visits to private investigators, petitioner's family, the prosecutor and the trial judge. A private investigator retained by counsel met with petitioner at least twenty-five times at counsel's direction. Response to Petition at 16 (citation omitted). These evaluations remain valid regardless of the fact that – because the trial counsel died of a heart attack on May 20, 2003 – petitioner can characterize his evidence regarding his counsel's past behavior as "uncontested." Objections at 3.

## **CONCLUSION**

The Magistrate Judge's Findings and Recommendation[42] in this action recommending denial of Petitioner's Petition for Writ of Habeas Corpus [2] and petitioner's Motion to Expand the Record [35], and recommending that Judgment should be entered dismissing this case with

---

[1] In adopting the Findings and Recommendation, this court notes what appears to be a typographical error. The Findings and Recommendation states that although trial counsel "did not meet with petitioner between March 9 and August 7, 2002, he did meet with petitioner seven times between March 8 and September 11, 2002, when petitioner entered his guilty plea." Findings and Recommendation at 12 (citing Resp. Ex. 189, p. 6-8). Counsel for respondent represented that "[b]etween August 8, 2002 and the change of plea hearing on September 11,2002, [petitioner's counsel] met with Hardegger six times." Response to Petition at 16 (citing Resp. Ex. 192). This court's *de novo* review suggests that the Findings and Recommendation intended to assert that counsel and petitioner met multiple times between *August* 8, 2002 and September 11, 2002, and the Findings and Recommendation, as corrected in this manner, is adopted accordingly.

ORDER -- 4

prejudice, is ADOPTED as corrected in this Order's note above, reflecting that petitioner and his counsel met multiple times between August 8, 2002, and September 11, 2002, when petitioner entered his guilty plea.

This court also adopts the Magistrate Judge's recommendation to decline to issue a Certificate of Appealability, on the basis that petitioner Gary Joseph Hardegger has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this   13   day of September, 2010.

>      /s/   Ancer L. Haggerty
>          Ancer L. Haggerty
>       United States District Judge